IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANDY J. OXENRIDER, : CIVIL NO. 3:13-CV-1070
         Petitioner :
                              : (Judge Munley)
    v. :
                              :
BRIAN COLEMAN, et al., :
         Respondents :

## MEMORANDUM

Andy J. Oxenrider ("petitioner") initiated this action by the filing of a petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is petitioner's motion (Doc. 11) to appoint counsel and motion (Doc. 12) for an extension of time to file a reply to respondents' response. For the reasons that follow, the motion for appointment of counsel will be denied and the motion for an extension of time will be granted.

Although prisoners have no "automatic" constitutional or statutory rights to appointment of counsel in a federal habeas corpus proceeding, a court does have broad discretionary power to appoint counsel under 18 U.S.C. §3006Aa(a)(2).[1] Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991); Morrison v. Duckworth, 898 F.2d 1298,1300-01 (7th Cir.1990); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985). Several factors must be considered in deciding whether the "interests of justice require" the appointment of counsel for a petitioner in a habeas corpus proceeding, including the complexity of the

---

[1] Any person seeking relief under 28 U.S.C. §§ 2241 or 2254 may be provided counsel, "whenever the United States magistrate or court determines that the interests of justice so require" and such person is "financially eligible." 18 U.S.C. §3006A(a)(2).

factual and legal issues in the case, as well as the *pro se* petitioner's ability to investigate facts and present claims. Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990). Courts have held, for example, that there was no abuse of discretion in failing to appoint counsel when no evidentiary hearing was required and the issues in the case had been narrowed. See Terrovona v. Kincheloe, 912 F.2d 1176, 1177 (9th C`ir. 1990), or the issues were "straightforward and capable of resolution on the record," Ferguson v. Jones, 905 F.2d 211, 214 (8th Cir. 1990), or the petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions." LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987).

In the matter *sub judice*, appointment of counsel is not warranted at this time. The legal issues are relatively uncomplicated, it appears that there will be no need for a hearing, and the court cannot say, at least at this juncture, that petitioner will suffer prejudice if he is forced to prosecute this case on his own. Therefore, his motion for appointment of counsel will be denied. However, his motion for an extension of time to file a reply to respondents' response will be granted. An appropriate Order will issue.

**BY THE COURT:**

s/James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**

Dated: November 8, 2013