IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDY J. OXENRIDER, | : | CIVIL NO. 3:13-CV-1070 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| BRIAN COLEMAN, et al., | : | |
| Respondents | : | |

## MEMORANDUM

Petitioner Andy J. Oxenrider ("petitioner" or "Oxenrider"), a state inmate currently incarcerated at the State Correctional Institution at Fayette, LaBelle, Pennsylvania, initiated this habeas corpus action pursuant to 28 U.S.C. § 2254 on April 23, 2013 (Doc. 1), challenging his February 17, 2010, guilty plea in the Court of Common Pleas of Schuylkill County criminal cases 438-2009 and 446-2009. (Doc. 1 at 1; Doc. 10-1, at 15.) Respondents filed a response (Doc. 10) on September 9, 2012. A traverse (Doc. 16) was filed by petitioner on December 30, 2013. Thereafter, on April 9, 2014, respondents filed an amended response (Doc. 20) wherein, *inter alia*, they seek to dismiss the petition as untimely. (Id.) For the reasons set forth below, the petition will be dismissed as untimely.

I.  **Background**

The Superior Court of Pennsylvania set forth the following procedural history in considering Oxenrider's appeal of the denial of post-conviction collateral relief:

> On February 17, 2010, Appellant entered a guilty plea at two different criminal action numbers. At lower court docket number 438-2009, he pled guilty to

> possession of drug paraphernalia consisting of a pipe used to smoke marijuana. At lower court docket number 446-2009, he pled guilty to possession of various controlled substances, conspiracy to possess controlled substances, and 117 counts of cruelty to animals relating to various cats, geese, chickens, ferrets, and deer located at his residence. The Commonwealth *nol prossed* numerous other pending charges in connection with the plea.
>
> . . .
>
> After entering his guilty plea, Appellant waived a pre-sentence report, and the court immediately sentenced him to time served to twenty-three months imprisonment, imposed a probationary term as well as community service, and paroled Appellant. Appellant did not file a direct appeal but filed a timely PCRA petition [on June 25, 2010] seeking to withdraw his guilty plea on the basis that it was entered due to plea counsel's ineffectiveness. After a hearing was conducted, the PCRA court denied relief, and this appeal followed.

(Doc. 10-1, at 16-17.) The Superior Court issued an opinion on August 11, 2011, finding that Oxenrider was not entitled to relief on his PCRA claims. (Id. at 20.) He filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on March 6, 2012. (Doc. 20, ¶ 6; see also Pennsylvania Supreme Court electronic Allocatur Docket Sheet, docket number 652 MAL 2011 at ujsportal.pacourts.us.)

On June 4, 2010, petitioner was charged with possession of marijuana. (Doc. 1-1, at 8.) On August 31, 2010, his probation was revoked and he was "re-sentenced to a period of incarceration of not less than 4 nor more than 8 years to be served in a state correctional facility in Case No. 446-09 and a sentence of 12 months probation in Case No. 438-09 to run concurrent to the aforementioned sentence imposed in Case No. 446-09." (Id.) He filed a post-sentence motion to modify the sentence which was denied on September 30, 2010. (Id. at 9.) He appealed to the Superior Court, which affirmed the lower court's decision on

September 12, 2011. (See Pennsylvania Supreme Court electronic Allocatur Docket Sheet, docket number 755 MAL 2011 at ujsportal.pacourts.us.) Oxenrider filed a petition for allowance of appeal to the Pennsylvania Supreme Court. The petition was denied on April 24, 2012. (Id.)

Oxenrider filed the instant petition on April 24, 2013. (Doc. 1.)

**II.   Discussion**

The court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). See 28 U.S.C. § 2244(d) (1). A state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

Petitioner was sentenced on February 17, 2010. Under the plain terms of 28 U.S.C. § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time to file an appeal has expired. See Nara, 264 F.3d at 314. His time for pursuing a direct appeal expired on March 19, 2010, at which time his judgment became final. The one-year period for the statute of limitations commenced running as of that date. Hence, the federal petition, which was filed on April 24, 2013, appears to be untimely. However, the Court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

### A. Statutory Tolling

Section 2244(d)(2) tolls the statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." On June 25, 2010, petitioner filed a petition for post conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. However, the statute of limitations continued to run from the date his judgment became final, March 19, 2010, through June 25, 2010,

4

meaning that approximately ninety-seven days of the one-year period had elapsed before petitioner's PCRA filing. The period remained tolled until March 6, 2012, the date on which the Pennsylvania Supreme Court denied his petition for allowance of appeal. At that time he had 268 days remaining in which to file his federal petition. Although the limitations period was tolled for the time during which the post conviction proceedings were pending, the 268 days expired on or about December 5, 2012. His federal petition was filed on April 24, 2013, well after the expiration of the limitations period. Notably, even if the statute was tolled while Oxenrider pursued his motion to modify his sentence, the petition would still be untimely. The Pennsylvania Supreme Court denied the petition for allowance of appeal of the denial of the motion to modify the sentence on April 24, 2012. At that time, he only had 268 days remaining on the limitations period. He filed the petition 365 days later.

## B.     Equitable Tolling

"The one-year period should be equitably tolled 'only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interest of justice.'" Schlueter v. Varner, 384 F.3d 69, 80 (3d Cir. 2004) (citing Jones v. Morton, 195 F.3d at 159.) Equitable tolling of the limitations period is to be used sparingly and only in extraordinary and rare circumstances. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990); Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005); Schlueter v. Varner, 384 F.3d at 80. It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. See Merritt v. Blaine, 326 F.3d 157, 168 (3d

Cir. 2003). A prisoner "is 'entitled to equitable tolling' only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

With respect to the diligent pursuit of rights, he must demonstrate that he exercised reasonable diligence in investigating and bringing the claims. See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. See LaCava, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)). The United States Court of Appeals for the Third Circuit recently set forth the following guidelines to consider when conducting a diligence inquiry:

> The diligence requirement "does not demand a showing that the petitioner left no stone unturned." Ramos–Martinez v. United States, 638 F.3d 315, 324 (1st Cir. 2011). Rather, "[t]o determine if a petitioner has been [reasonably] diligent in pursuing his petition, courts consider the petitioner's overall level of care and caution in light of his or her particular circumstances." Doe v. Busby, 661 F.3d 1001, 1013 (9th Cir. 2011); see also Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence . . . require[s] reasonable diligence in the circumstances."). In other words, the diligence inquiry is fact-specific and depends on the circumstances faced by the particular petitioner; there are no bright line rules as to what conduct is insufficient to constitute reasonable diligence. If a petitioner "did what he reasonably thought was necessary to preserve his rights . . . based on information he received . . . , then he can hardly be faulted for not acting more 'diligently' than he did." Holmes v. Spencer, 685 F.3d 51, 65 (1st Cir. 2012).

Munchinski v. Wilson, 694 F.3d 308, 330-31 (3d Cir. 2012).

As concerns extraordinary circumstances, they have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005)

Review of the record reveals that Oxenrider failed to exercise reasonable diligence throughout the limitations period he seeks to toll. He failed to file a direct appeal. Although he pursued post conviction collateral relief, after his petition for allowance of appeal of the denial of post conviction relief was denied on March 6, 2012, he was completely idle until he filed the petition in this court on April 24, 2013. Petitioner's more than a year delay in seeking federal review of his conviction does not show reasonable diligence. Hence, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

## III. Conclusion

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed as untimely.

## IV. Certificate of appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of

the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

An appropriate order follows.

BY THE COURT:

James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

Dated: May 14, 2014